# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

| | | |
|---|---|---|
| AMANDA CONKLIN | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:14cv1069 |
| | ) | |
| v. | ) | <u>Jury Trial Demanded</u> |
| | ) | |
| AMERICAN NATIONAL PROCESSING | ) | JUDGE NIXON |
| | ) | |
| Defendant. | ) | MAGISTRATE JUDGE BRYANT |

## ~~PROPOSED~~ INITIAL CASE MANAGEMENT ORDER

In accordance with Local Rule 16.01, the parties respectfully submit the following proposed Case Management Order:

**I.  Jurisdiction and Venue**

Plaintiff contends the Court has subject matter jurisdiction over Plaintiff's claims pursuant to 42 U.S.C. § 2000e-5(f)(3). Defendant does not contest jurisdiction or venue.

**II.  Plaintiff's Theory of the Case**

Plaintiff alleges Plaintiff seeks a judgment against the Defendant for violations of Title VII of the Civil Right Act of 1964 ("Title VII"), the Pregnancy Discrimination Act, and the Tennessee Human Rights Act, for alleged employment discrimination, plus court costs and attorneys' fees.

**III.  Defendant's Theory of the Case**

Defendant denies that it discriminated or harassed Plaintiff in violation of Title VII, the Pregnancy Discrimination Act, or the Tennessee Human Rights Act. Defendant denies that Plaintiff was harmed in any way by any unlawful conduct of Defendant. In addition, Defendant

claims that Plaintiff's claims for violations of the Tennessee Human Rights Act are barred by the one-year statute of limitations provided in Tenn. Code Ann. § 4-21-311.

**IV.     Identification of Issues**

The parties have addressed the issues enumerated in Fed. R. Civ. P. 26(f) and Local Rule 16.01(d)(1)(c) and represent:

a. All parties have been properly served with process;

b. Defendant filed an Answer as well as a motion to dismiss Plaintiff's THRA claims on June 20th, 2014;

c. The parties have agreed to the necessary limitation on and timing of discovery as further discussed in this Order;

d. The parties agree to the proposed target trial date as specified below;

e. Other than with respect to jurisdiction and venue, all other issues with respect to substantive claims, defenses, and damages remain unresolved.

f. The parties agree that settlement is not possible at this time, but they agree the procedures for requesting and holding a settlement conference or ADR process, if necessary, as discussed further below;

g. The parties state that there is no need to adopt special procedures for this case as contemplated by Local Rule 16.01(d)(1)(c)(6).;

h. The parties state that they will address, in good faith, the matters enumerated in L.R. 16.01(d)(1)(c)(7) as those issues arise during the course of discovery in this case;

i. The parties do not anticipate any special issues that will arise concerning the disclosure or discovery of electronically stored information, but states that any such information

will be produced, at the sole discretion of the producing party, either (1) in the form it is maintained by the producing party, (2) as a .TIFF file, or (3) in paper format;

      j.      The parties do not anticipate any unique issues with regard to claims of privilege or of protection as trial-protection materials; if a party chooses to assert a claim of privilege or protection, they shall do so in the manner required by the Federal Rules of Civil Procedure and in compliance with the Local Rules and this Order; and

      k.      The parties do not request any changes in the limitations on discovery imposed under the Federal Rules of Civil Procedure and the Local Rules of this Court.

## V.    NEED FOR OTHER CLAIMS OR SPECIAL ISSUES UNDER RULES 13-15, 17-21, AND RULE 23 OF THE F.R.C.P.

The parties do not anticipate the need to file counterclaims, cross-claims, third-party claims, amended pleadings, motions for joinder of parties and/or claims, etc. at this time. However, the Plaintiff reserves the right to file any motion or pleading as she deems necessary in light of issues uncovered during the discovery process, to the extent permitted by the United States Code, the Federal Rules of Civil Procedure, and the Local Rules of the United States District Court for the Middle District of Tennessee and subject to the objection of the other party. Defendant likewise reserves the right to assert or retract any affirmative defenses or to bring any counterclaims as deemed necessary pursuant to ongoing investigation of this matter and the discovery process.

## VI.    WITNESSES, IF KNOWN, SUBJECT TO SUPPLEMENTATION OF EACH PARTY:

1. **PLAINTIFF:**

    a. Amanda Conklin

    b. Michael Winters

    c. All witnesses identified by all parties to this litigation.

    d. Plaintiff reserves the right to supplement this list at a later time.

2. **DEFENDANT:**

    a. Amanda Conklin

    b. Michael Winters

    c. All witnesses identified by all parties to this litigation;

    d. Defendant reserves the right to supplement this list at a later time.

### VII. INITIAL DISCLOSURES AND STAGING OF DISCOVERY:

1. Discovery will be sought regarding the alleged claims and defenses, including damages. Further, written discovery and depositions of fact and expert witnesses may be necessary.

2. The parties must make their initial disclosures by August 1, 2014.

3. The parties shall complete all discovery in this matter on or before January 30, 2015

    a. All written discovery shall be served in time so that responses will be due on or before January 30, 2015.

    b. All depositions of fact or expert witnesses shall occur on or before January 30, 2015.

4. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Magistrate Judge Bryant.

5. By October 31, 2014 the Plaintiff shall declare to the Defendant (not to be filed with the Court) the identity of his expert witnesses and provide all the information specified in Fed. R. Civ. P. 26(a)(2)(B).

6. By November 28, 2014 the Defendant shall declare to the Plaintiff (not to be filed with the Court) the identity of their expert witnesses and provide all the information specified in Fed. R. Civ. P. 26(a)(2)(B).

7. Discovery related motions are due on or before February 6, 2015.

8. Discovery is not stayed during dispositive motions, unless ordered by the Court.

## VII. DISPOSITIVE MOTIONS:

Any further dispositive motions (limit 25 pages) shall be filed by February 27, 2015. Responses (limit 25 pages) should be filed by 21 days after the timely filing of the dispositive motions (March 20, 2015). Replies (limit 5 pages) shall be filed by within 14 days after the filing of the response (April 3, 2015). If dispositive motions are filed early, the response and reply dates are moved up accordingly.

## VIII. MOTIONS TO AMEND:

The parties shall file all Motions to Amend on or before July 18, 2014.

## IX. ALTERNATIVE DISPUTE RESOLUTION:

a. Until the parties conduct discovery in this matter, they are unable to determine if a settlement conference or scheduling of an ADR program (whether a Court-provided program or otherwise) will be appropriate in this case. If appropriate, the parties will notify the Court of their desire to schedule a settlement conference and/or the time frame for utilizing any ADR program provided by the Court or, if agreed upon by the parties, any ADR program not provided by the Court.

b. Should subsequent case management conferences be needed, the parties will notify the court approximately 30 days before the close of discovery that a conference will be conducted via telephone with the call being initiated by the party requesting the subsequent conference.

## X. TARGETED TRIAL DATE:

Jury trial is set to begin on September 23, 2015, at 9:00 a.m. before Judge Nixon. A pretrial conference shall be held on September 11, 2015, at 10:00 a.m. before Judge Nixon. The parties expect the trial to last approximately 2-3 days.

It is so **ORDERED**.

s/ John S. Bryant
JUDGE BRYANT
U.S. Magistrate Judge

APPROVED FOR ENTRY:

/s/ Luke D. Bottorff
Luke D. Bottorff
Michael McNulty
Attorneys for Plaintiff


/s/ Kara E. Shea
Kara E. Shea
Valeria E. Gomez
Attorneys for Defendant